**RECORD NO. 13-4508**

In The

# United States Court Of Appeals
# For The Fourth Circuit

**UNITED STATES OF AMERICA,**

***Plaintiff – Appellee,***

**v.**

**TYME ESSENCE CLARK,**

***Defendant – Appellant.***

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF NORTH CAROLINA AT GREENSBORO**

---

## BRIEF OF APPELLANT

---

**J. Clark Fischer**
RANDOLPH & FISCHER
**407 Summit Street**
**Winston-Salem, NC 27101**
**(336) 724-3513**

***Counsel for Appellant***

*Gibson*Moore Appellate Services, LLC
421 East Franklin Street ♦ Suite 230 ♦ Richmond, VA 23219
804-249-7770 ♦ www.gibsonmoore.net

# TABLE OF CONTENTS

**PAGE:**

TABLE OF AUTHORITIES.......................................... ii

STATEMENT OF APPELLATE JURISDICTION.............................. 1

STATEMENT OF ISSUE PRESENTED.................................... 1

STATEMENT OF THE CASE........................................... 1

STATEMENT OF FACTS.............................................. 2

SUMMARY OF ARGUMENT............................................. 3

ARGUMENT........................................................ 4

I. THE LIMITED ASSISTANCE DEFENDANT PROVIDED TO BRONSON JUSTIFIED APPLICATION OF THE MINOR ROLE ADJUSTMENT........................................... 4

A. APPLICABLE STANDARD OF REVIEW.................... 4

B. DEFENDANT"S ROLE IN THE DOLLAR GENERAL ROBBERY WAS SIGNIFICANTLY LESS THAN CO-DEFENDANT BRONSON AND NOT ESSENTIAL TO COMMISSION OF THE CRIME.......................... 4

CONCLUSION...................................................... 6

REQUEST FOR ORAL ARGUMENT

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# TABLE OF AUTHORITES

**PAGE(S):**

**CASES:**

United States v. Akinkoye,
185 F. 3d. 192 (4th Cir. 1999) ............................5

United States v. Butner,
277 F. 3d. 481 (4th Cir. 2002)............................4

United States v. Pratt,
239 F. 3d. 640 (4th Cir. 2001) ............................5

United States v. Withers,
100 F.3d 1142 (4th Cir. 1996)............................4

**STATUTES:**

18 U.S.C. § 924(c)........................................1

18 U.S.C. § 1951..........................................1

28 U.S.C. § 1291..........................................1

**SENTENCING GUIDELINES:**

U.S.S.G. § 3B1.2.......................................3, 4

U.S.S.G. § 3B1.2(b).......................................4

**RULE:**

Fed. R. App. P. 4(b)......................................1

## STATEMENT OF APPELLATE JURISDICTION

This appeal is taken from a final Judgment of the District Court which disposed of all pending issues. Appeal is taken as a matter of right pursuant to Rule 4(b) of the Federal Rules of Appellate Procedure, and this Court has jurisdiction pursuant to 28 U.S.C. sec. 1291.

## STATEMENT OF ISSUE PRESENTED

**WHETHER THE LIMITED ASSISTANCE DEFENDANT PROVIDED TO CO-DEFENDANT BRONSON IN THE COMMISSION OF THE DOLLAR GENERAL ROBBERY JUSTIFIED APPLICATION OF THE MINOR ROLE ADJUSTMENT?**

## STATEMENT OF THE CASE

On November 26th, 2012, indictment issued charging Defendant with interference with commerce by robbery in violation of 18 U.S.C. sec. 1951 and brandishing a firearm in connection with a crime of violence under 18 U.S.C. sec. 924(c). (App. 6) On January 10th, 2013, Defendant pleaded guilty to the Count One robbery charge pursuant to written plea agreement. (App. 3, 14) On July 2nd, 2013, the District Court entered judgment sentencing Defendant to imprisonment for 28 months, rejecting Defendant’s request for a minor role adjustment and a probationary judgment. (App. 63)

Defendant gave timely Notice of Appeal. (App. 69)

**STATEMENT OF FACTS**

As summarized in the Government's Factual Basis, the charges against Tyme Clark were based on the robbery of the Dollar General Store in Eden, North Carolina, on June 16th, 2012. (App. 9) The actual robbery was undisputedly committed by Ke'Vontae Lamar Bronson, who entered the store and pointed what appeared to be a black handgun at the employees on duty, including Defendant Clark. (App. 9-1) Security footage showed Clark speaking with Bronson outside the store prior to the robbery. (App. 10) Clark was aware from prior conversations with Bronson that Bronson wanted to rob the store. (App. 10) After the robbery Bronson gave Clark $500.00 for not "snitching." (App. 10) Clark told investigators that he threw his wallet containing the money out of the car while his father was driving him to a police interview. Id.

At sentencing, Bronson testified that he had learned from a mutual friend that Clark knew how the timer on the Dollar General safe was set. (App. 25) Later Bronson verified the information from Clark, and Bronson told Clark he would "give him a cut. (App. 26) According to Bronson, Clark nodded to Bronson when he saw him outside the Dollar General. (App. 27)

On cross-examination, Bronson admitted that he had initially denied any involvement in the robbery. (App. 28)

Testifying on his own behalf, Clark stated that at the time of the robbery he had just turned 18. (App. 52) Clark initially learned about a possible robbery when a man in a wheelchair (later identified as Bronson's friend Stephen Thaxton) told him "I know somebody that wants to rob Dollar General." (App. 35) Clark agreed that he told the man that the store safe was on a timer. Id. The day of the robbery Bronson approached him on the street and Clark again mentioned the safe being on a timer. (App. 36) According to Clark, he tried to dissuade Bronson from going through with the robbery. Id.

When Clark encountered Bronson outside the store, Bronson racked his gun back and said, "Don't snitch, nigger." (App. 37) Clark testified that he responded . . . "I'm not going to snitch because I don't want to die and I don't want to go to jail." (App. 38) He was afraid for his life because he "was threatened, before, during and after the robbery." Id.

## SUMMARY OF ARGUMENT

Defendant's small role in the commission of the Dollar General Robbery actually carried out by Co-Defendant Ke'Vontae Bronson satisfied the requirements for a minor role adjustment under U.S.S.G. sec. 3B1.2

## ARGUMENT

### I. THE LIMITED ASSISTANCE DEFENDANT PROVIDED TO BRONSON JUSTIFIED APPLICATION OF THE MINOR ROLE ADJUSTMENT

#### A. APPLICABLE STANDARD OF REVIEW.

While generally role adjustments are reviewed for clear error, see United States v. Withers, 100 F.3d 1142, 1147 (4th Cir. 1996), if the pertinent facts are uncontested, the issue on appeal is considered purely legal and review is conducted on a de novo basis. United States v. Butner, 277 F. 3d. 481, 488 (4th Cir. 2002).

#### B. DEFENDANT"S ROLE IN THE DOLLAR GENERAL ROBBERY WAS SIGNIFICANTLY LESS THAN CO-DEFENDANT BRONSON AND NOT ESSENTIAL TO COMMISSION OF THE CRIME

Under U.S.S.G. sec. 3B1.2, note 3(a) a defendant is eligible for a mitigating role adjustment if he is "substantially less culpable than [the] average participant." U.S.S.G. sec 3B1.2, cmt. n.3(A). The two point minor role reduction applies to a defendant "who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. sec. 3B1.2(b) cmt. n.5. While the determination of whether the defendant played a minor role depends in part on a comparison of his conduct with that of other participants, the "critical inquiry is . . . not just whether the defendant has done fewer bad acts than his co-defendants, but whether the defendant's conduct is material or

essential to committing the offense." United States v. Pratt, 239 F. 3d. 640, 646 (4th Cir. 2001) (noting that a court must measure defendant's individual acts and relative culpability against the elements of the offense) (citations omitted). The defendant has the burden of showing by a preponderance of the evidence that he played a minor role in the offense. United States v. Akinkoye, 185 F. 3d. 192, 202 (4th Cir. 1999).

Defendant respectfully submits that under both the relative comparison of co-defendants and Clark's individual role in commission of the offense that a minor role adjustment was appropriate. It cannot be seriously disputed that Bronson was the principal bad actor before the Court, the man who came up with the plan for the robbery and who alone entered the store, brandished what appeared to be a firearm and threatened the store occupants. On the evidence now before the Court, Clark's role is best described as an aider and abettor to the principal Bronson.

On the second issue, the evidence also establishes that Clark's conduct was not material or essential to the offense, and that his role was far less than most robbery defendants. While the information Clark provided about the timer on the Dollar General safe was certainly helpful to Bronson, it was not critical to the robbery itself. Clark did not open a secured door to allow Bronson to enter and the information provided,

i.e. that the safe was on a timer, was common knowledge that was only confirmed by Clark. Likewise, the information about the safe had no bearing on Bronson demanding money and obtaining it from a cash register. In other words, Clark's assistance was to Bronson was quite limited and the robbery could easily have proceeded without it. Therefore, under a commonsense application of the words themselves, Clark's assistance to Bronson was neither "material" nor "essential" to completion of the offense.

## CONCLUSION

For the reasons set forth herein, Defendant requests that the judgment be vacated and the case remanded for a new sentencing hearing with Defendant receiving an appropriate adjustment for minor participant.

## REQUEST FOR ORAL ARGUMENT

Counsel for appellant hereby requests oral argument on the issue raised herein.

Respectfully submitted, this the 11th day of September, 2013.

/s/ J. Clark Fischer
J. Clark Fischer
**Randolph and Fischer**
407 Summit Street
Winston-Salem, NC 27101
336-724-3513
NCSB#9217
clarkf@randolphandfischer.com

*Counsel for Appellant*

## CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

**Certificate of Compliance with Type-Volume Limitation, Typeface Requirements, and Type Style Requirements**

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

   this brief contains 1,213 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

   this brief has been prepared in a mono-spaced typeface using Microsoft Word in 12 point Courier New.

/s/ J. Clark Fischer
J. Clark Fischer

*Counsel for Appellant*

Dated: September 11, 2013

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on September 11, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

Graham T. Green
OFFICE OF THE
UNITED STATES ATTORNEY
United States Courthouse
101 South Edgeworth Street
P. O. Box 1858
Greensboro, NC 27401

*Counsel for Appellee*

The necessary filing and service were performed in accordance with the instructions given to me by counsel in this case.

/s/ Karen R. Taylor
Karen R. Taylor
GIBSON MOORE APPELLATE SERVICES, LLC
421 East Franklin Street, Suite 230
Richmond, VA 23219